UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES JOHNSON                              CIVIL ACTION

VERSUS                                       NO. 20-1329

BP EXPLORATION &                             SECTION M (5)
PRODUCTION, INC., *et al.*

## ORDER & REASONS

Before the Court are four motions filed by defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP"): (1) a *Daubert* motion to exclude testimony of Gina M. Solomon, M.D., M.P.H.;[1] (2) a *Daubert* motion to exclude testimony of David Greene, M.D.;[2] (3) a *Daubert* motion to exclude testimony and opinions of Dr. James Clark;[3] and (4) a motion for summary judgment.[4] Instead of opposing BP's three *Daubert* motions, plaintiff Charles Johnson withdrew his previously designated expert witnesses, including Solomon, Greene, and Clark,[5] rendering the three motions moot. Johnson did not file any opposition to BP's motion for summary judgment.[6] Also before the Court are Johnson's motions to stay and for a protective order in which he seeks a stay of the case for 60 days to obtain new counsel and new experts.[7] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Johnson's motions to stay and for a protective order, and grants BP's motion for summary judgment, dismissing Johnson's claims with prejudice.

---

[1] R. Doc. 41.
[2] R. Doc. 42.
[3] R. Doc. 44.
[4] R. Doc. 43.
[5] R. Doc. 51.
[6] R. Doc. 50 (establishing December 15, 2021 deadline to file opposition).
[7] R. Docs. 54; 55.

## I.      BACKGROUND

This toxic-tort case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010.  On January 11, 2013, U.S. District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA").  *See Brown v. BP Expl. & Prod. Inc.*, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019).  The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members, such as clean-up workers who follow procedures outlined in the MSA, to sue BP for later-manifested physical conditions ("LMPC").  *Id.*  Johnson was employed as a clean-up worker from April 2010 to June 2010.[8]  On May 1, 2020, he filed this action pursuant to the MSA seeking compensation for moderate right sphenoid sinus chronic rhinosinusitis, which he claims is a LMPC diagnosed on March 30, 2017.[9]

On November 23, 2020, this Court entered a scheduling order that set July 19, 2021, as the trial date.[10]  The scheduling order also established March 22, 2021, as the deadline for Johnson to provide expert reports to BP, and June 18, 2021, as the discovery deadline.[11]

The day after Johnson's expert reports were due, and, again, a week later, he moved to extend the deadlines for the parties to exchange expert reports.[12]  The Court granted the motion[13] and issued a new scheduling order.[14]  The trial date was reset to November 15, 2021, plaintiff's expert report deadline was reset to April 21, 2021, and October 15, 2021 was established as the new discovery deadline.[15]

---

[8] R. Doc. 1 at 5.
[9] *Id.* at 6.
[10] R. Doc. 14.
[11] *Id.*
[12] R. Docs. 17; 22.  The second motion was filed with consent.
[13] R. Doc. 23.
[14] R. Doc. 24.
[15] *Id.*

A few months later, the parties filed a joint motion to continue the unexpired scheduling order deadlines and trial.[16]  The Court granted the motion, specifying, as the parties had requested, that only the *unexpired* scheduling order deadlines were continued.[17]  The resulting scheduling order noted that Johnson's expert report deadline had passed,[18] and reset the discovery deadline as January 7, 2022, and the trial date as February 14, 2022.[19]

On December 1, 2021, BP filed the four instant motions and set December 16, 2021, as the submission date for all of them.[20]  Johnson then filed an opposed motion for extension of time to respond to the motions and set December 30, 2021, as the submission date for that motion.[21]  The Court, considering Johnson's motion for extension on an expedited basis,[22] granted Johnson additional time until December 15, 2021, to oppose BP's four motions.[23]

On December 15, 2021, Johnson notified the Court that he had withdrawn his experts, including Solomon, Clark, and Greene, thereby rendering moot BP's three *Daubert* motions.[24]  Johnson also filed a motion to stay and a motion for protective order.[25]  In both of those motions, Johnson argues that this Court should stay these proceedings for 60 days so that he can obtain new counsel, and new experts, to oppose BP's motion for summary judgment.[26]  Unsurprisingly, BP indicates that it opposes Johnson's motion to stay and motion for protective order.[27]

---

[16] R. Doc. 25.
[17] R. Doc. 26.
[18] R. Doc. 32.
[19] *Id.*
[20] R. Docs. 41-44.
[21] R. Doc. 47.
[22] R. Doc. 48.
[23] R. Doc. 50.
[24] R. Doc. 51.
[25] R. Docs. 54; 55.
[26] *Id.*  Johnson had also filed a motion to withdraw counsel *without substitution*, which was first marked deficient by the clerk's office and later entered on the docket after corrective action was taken.  *See* R. Docs. 53; 59.  Because the Court grants BP's motion for summary judgment, Johnson's motion to withdraw counsel is moot.
[27] R. Docs. 54-1 at 2; 55-1 at 2.

## II.    LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment

4

motion, a court may not resolve credibility issues or weigh evidence.  *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment.  *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial.  *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2).  Such facts must create more than "some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden.  *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B).  Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d 1075-76.

### B.  BP's Motion for Summary Judgment

In its motion for summary judgment, BP does not dispute that Johnson was an oil-spill clean-up worker or that he is a member of the MSA class.[28]  Rather, BP argues that it is entitled to

---

[28] *See* R. Doc. 43-3.

summary judgment because Johnson cannot offer expert testimony to prove that his alleged medical conditions were legally caused by his exposure to substances related to the Deepwater Horizon oil spill.[29]

Pursuant to the MSA, a plaintiff bringing a BELO lawsuit for a LMPC must prove the following elements:

> (i) The fact of the diagnosis, *i.e.* whether the class member was correctly diagnosed with the alleged LMPC;

> (ii) The amount and location of oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;

> (iii) The level and duration of the class member's exposure to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;

> (iv) Whether the class member's alleged LMPC was legally caused by his or her exposure to oil, other hydrocarbons and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities;

> (v) Whether any alternative cause exists for the alleged later manifested physical condition; and

> (vi) The amount, if any, of compensatory damages to which the class member is entitled.

*Legros v. BP Am. Prod. Co.*, 2018 WL 4853713, at *2-3 (E.D. La. Oct. 5, 2018). Thus, although a BELO plaintiff need not prove liability to recover damages, he or she must prove that exposure to oil or other substances legally caused his or her physical condition. *Id.* at *3.

Generally, "'when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation.'" *Cibilic v. BP Expl. & Prod.*,

---

[29] *Id.*

2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002)).  Expert testimony is required to establish causation in toxic-tort cases where "'[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden'" of proof.  *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (quoting *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).  Indeed, the Fifth Circuit has held that such evidence is required in these MSA cases.  *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x. 430, 434 (5th Cir. 2020).

By withdrawing his experts, Johnson concedes that, at this time, he cannot present the expert testimony required to prove his claim.  However, in his motions to stay and for protective order, he seeks yet another opportunity to obtain such expert testimony.  Considering the history of this case, this Court cannot grant Johnson's eleventh-hour request for a do-over.  This case has been continued multiple times.  Johnson was to have his experts in place, and disclosures provided, by April 21, 2021, and he had, in fact, disclosed a team of experts by this date.  The last continuance specified that only *unexpired* pretrial deadlines would be continued.  Johnson's expert disclosure deadline was expired at that time and was not reset.  BP has litigated this case relying on those deadlines.  BP deposed Johnson's timely designated experts and chose its own experts based on those expert disclosures.  Presumably, given the timing, Johnson withdrew his identified experts due to the shortcomings in their opinions as highlighted by BP in its *Daubert* motions and motion for summary judgment.  Whatever the reason for their withdrawal, however, Johnson now has no experts to prove the legal causation required by law and the MSA and his expert disclosure deadline expired eight months ago.  In short, Johnson presents no persuasive arguments as would show good cause for granting him a reprieve from the applicable pretrial deadlines and his burden

of proof.  *See* Fed. R. Civ. P. 16(b)(4).  On the record before the Court, BP is entitled to summary judgment dismissing Johnson's claims with prejudice.[30]

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that BP's *Daubert* motion to exclude testimony of Gina M. Solomon, M.D., M.P.H. (R. Doc. 41) is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that BP's *Daubert* motion to exclude testimony of David Greene, M.D. (R. Doc. 42) is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that BP's *Daubert* motion to exclude testimony of Dr. James Clark (R. Doc. 44) is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Johnson's motion for stay (R. Doc. 54) and for protective order (R. Doc. 55) are DENIED.

IT IS FURTHER ORDERED that BP's motion for summary judgment (R. Doc. 43) is GRANTED, and Johnson's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 17th day of December, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[30] The last-minute effort to withdraw counsel, without substitution, does not alter this conclusion.  Johnson was fully represented by counsel when he made his expert disclosures and at the date BP filed its *Daubert* motions and its motion for summary judgment.  A motion to withdraw counsel, without substitution, cannot be condoned as a tactic for resetting deadlines long-since expired, especially when the Court had continued them on prior occasions.